**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000464
22-JAN-2021
09:31 AM
Dkt. 403 MO**

NOS. CAAP-16-0000464 and CAAP-16-0000654

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-16-0000464**
RONALD GIT SUM AU, Plaintiff-Appellant,
v.
THE ASSOCIATION OF APARTMENT OWNERS OF THE ROYAL IOLANI;
HAWAIIANA MANAGEMENT COMPANY, LTD.; R. LAREE McGUIRE,
Defendants-Appellees,
and
JOHN DOE DEFENDANTS 1-10; DOE CORPORATIONS OR ENTITIES 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-2152)

AND

**CAAP-16-0000654**
RONALD GIT SUM AU, Plaintiff-Appellant,
v.
THE ASSOCIATION OF APARTMENT OWNERS OF THE ROYAL IOLANI;
HAWAIIANA MANAGEMENT COMPANY, LTD.; R. LAREE McGUIRE,
Defendants-Appellees,
and
JOHN DOE DEFENDANTS 1-10; DOE CORPORATIONS OR ENTITIES 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-2152)

MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Plaintiff-Appellant Ronald Git Sum Au (**Au**),

self-represented, appeals from the May 23, 2016 Judgment, entered

by the Circuit Court of the First Circuit (**Circuit Court**),[1] in favor of Defendants-Appellees R. Laree McGuire (**McGuire**), Association of Apartment Owners of Royal Iolani (**AOAO Royal Iolani**), and Hawaiiana Management Company, Ltd. (**Hawaiiana**). Au also challenges the Circuit Court's: (1) February 16, 2016 Order Granting [McGuire's] Motion to Dismiss Filed December 7, 2015, and Joinder by [AOAO Royal Iolani] and [Hawaiiana] in Motion to Dismiss Filed December 7, 2015, Filed January 6, 2016, and Denying [Au's] Motion for Partial Summary Judgment Against [AOAO Royal Iolani], [Hawaiiana], and [McGuire] Filed December 23, 2015 (**Order Granting MTD & Denying MPSJ**); (2) May 19, 2016 Order Denying [Au's] Motion to Stay or Cancel the Public Auction on March 24, 2016 Pending Appeal to the Intermediate Court of Appeals Filed on February 24, 2016 (**Order Denying Motion to Stay**); (3) May 19, 2016 Order Denying [Au's] Motion for Reconsideration of Order Granting [McGuire's] Motion to Dismiss Filed December 7, 2015, and Joinder by [AOAO Royal Iolani] and [Hawaiiana] (**Order Denying Reconsideration of Order Granting MTD & Denying MPSJ**); (4) September 23, 2016 Order Denying [Au's] [Hawaii Rules of Civil Procedure (**HRCP**)] Rule 60(b)(1)(2)(3)(4) Motion to Vacate and Set Aside the February 16, 2016, Order Granting [McGuire's] Motion to Dismiss Filed December 7, 2015, and Joinder by [AOAO Royal Iolani] and [Hawaiiana] in Motion to Dismiss Filed December 7, 2015, Filed January 6, 2016, and the Judgment Filed on May 23, 2016 (**Order Denying Motion to Vacate**); and (5) September 23, 2016 Order Denying [Au's] July 27, 2016

---

[1]     The Honorable Rhonda A. Nishimura presided.

Filed Motion for Reconsideration of the Order Denying [Au's] HRCP Rule 60(b)(1)(2)(3)(4) Motion to Vacate and Set Aside the February 16, 2016, Order Granting [McGuire's] Motion to Dismiss Filed December 7, 2015, and Joinder by [AOAO Royal Iolani] and [Hawaiiana] in Motion to Dismiss Filed December 7, 2015, Filed January 6, 2016, and the Judgment Filed on May 23, 2016 (**Order Denying Reconsideration of Order Denying Motion to Vacate**).

I.    BACKGROUND

Au was the owner of Unit 3906 at the Royal Iolani condominium (**Unit 3906**).[2]  In 2013, Au reportedly fell behind on payments of maintenance fees.  On October 1, 2013, AOAO Royal Iolani filed a notice of lien against Au's unit.  On January 21, 2014, AOAO Royal Iolani filed, in Land Court, a Notice of Default and Intention to Foreclose (**2014 NDIF**), which stated, *inter alia*, that the AOAO intended to conduct a non-judicial foreclosure if the default was not cured.

On August 12, 2014, McGuire,[3] as counsel for AOAO Royal Iolani, sent Au a letter responding to Au's request for a payment plan, and detailing the terms and conditions of a plan to bring Au's account current and release the lien and the 2014 NDIF.  The letter provided, *inter alia*, that as of August 12, 2014, the amount of Au's delinquency was as follows:

---

[2]     Au was also the owner of Unit 3908.

[3]     McGuire was retained as counsel for AOAO Royal Iolani for legal matters pertaining to collection of fees owed to AOAO Royal Iolani by Au.

```
Maintenance Fees                     $ 9,977.87
Return Check Fee                     $    60.00
Late Fees                            $   125.00
Prior Attorney Fees                  $12,203.25
Attorney Fees                        $ 2,484.29
                                     -----------
Total due as of August 12, 2014      $24,850.41[4]
```

The terms of the AOAO's payment plan provided:  "Late fees will continue to be assessed so long as a balance remains outstanding."  The proposed plan also provided:

> If a payment is missed and/or any of the terms of the agreement are not fully complied with, this Agreement will be immediately rendered null and void and the Association will be immediately entitled to pursue all remedies to secure payment of the debt, including proceeding with legal action against your unit.

Au apparently entered into the payment plan agreement on August 12, 2014 (**August 2014 Payment Plan**), but asserts that he did so under coercion, duress, and threat of a non-judicial foreclosure.  On August 22, 2014, AOAO Royal Iolani recorded a release of the 2014 NDIF.  McGuire and AOAO Royal Iolani argue that Au eventually defaulted on the August 2014 Payment Plan.  On July 13, 2015, AOAO Royal Iolani filed, in Land Court, a second Notice of Default and Intention to Foreclose (**2015 NDIF**), which again stated, *inter alia*, that the AOAO intended to conduct a non-judicial foreclosure if the default was not cured.  AOAO Royal Iolani declined Au's subsequent request to enter into a new payment plan agreement.

On November 9, 2015, Au filed a Complaint for Declaratory and Injunctive Relief; Restraining Order; Specific Performance (**Complaint**) asserting claims for equitable relief and

---

[4]     The letter noted that this total did not include the fees and costs associated with releasing the lien and the 2014 NDIF.  Inclusive of those costs and fees, the total cost to bring Au's account current and to release the lien and the 2014 NDIF was approximately $26,134.18.

damages against AOAO Royal Iolani, Hawaiiana, and McGuire:  (1) declaratory relief that, *inter alia*, the 2015 NDIF is void and unenforceable (**Count I**); (2) specific performance of Au's August 7, 2015 proposed payment plan (**Count II**); (3) injunctive relief against judicial or non-judicial foreclosure on Unit 3906 (**Count III**); (4) fraud and concealment, primarily with respect to the Defendants' assertions or omissions as to the allocation of Au's payments to the AOAO, and the assessments against him for allegedly excessive attorneys' fees paid to McGuire, which Au contends resulted in his account being deemed delinquent (**Count IV**); (5) negligence (**Count V**); (6) slander of title (**Count VI**); (7) due process, equal protection, and unconstitutional taking of Au's property (**Count VII**); and (8) unfair and deceptive practices under Hawaii Revised Statutes (**HRS**) Chapter 480 (**Count VIII**).

On December 7, 2015, McGuire filed a motion to dismiss Au's Complaint (**MTD**) for failure to state a claim against McGuire, pursuant to HRCP Rule 12(b)(6).  McGuire argued that Count I should be dismissed as to her because, *inter alia*, she is not a party to the payment plan or the NDIF, and therefore should be dismissed from any claim regarding their enforcement.  McGuire similarly argued, *inter alia*, that Count II seeks no relief against her.  With respect to Count III, McGuire argued that AOAO Royal Iolani was entitled to foreclose against Unit 3906 and noted that she is the AOAO's attorney, and not the party foreclosing on the unit.  With respect to Count IV, McGuire argued that the AOAO's allocation of payments is irrelevant and that Au was in default regardless of how his payments were

allocated because he never reimbursed the AOAO for McGuire's attorneys' fees.  McGuire argued that, as the AOAO's attorney, she owed no legal duty to Au, and therefore, the negligence claim in Count V should be dismissed as against her.[5]  With respect to Count VI, McGuire argued that, as the attorney for AOAO Royal Iolani, she had an absolute litigation privilege in filing the second NDIF.  Similarly, with respect to Count VII, McGuire argued that Au's constitutional challenge to the statutes pertaining to the power of sale foreclosure process does not state a claim for relief against her.  Regarding Count VIII, McGuire argued that with respect to her, Au's HRS Chapter 480 claim should be dismissed because Au did not purchase any goods, services or make any investments with her; McGuire also contended that she was not a debt collector within the meaning of HRS Chapter 480D because Au's debt is owing to the AOAO, not her.

AOAO Royal Iolani and Hawaiiana filed a joinder to the MTD.  Without discussion or supporting authority, the joinder submitted that the MTD should be granted in favor of McGuire and should also be granted in favor of the joining parties.

On December 23, 2015, Au filed a motion for partial summary judgment (**MPSJ**), contending that the undisputed evidence entitled him to relief.  Au attached a declaration and several exhibits as evidence to support his assertions that:  McGuire overcharged and double-billed attorneys' fees; AOAO Royal Iolani

---

[5]    With respect to Count V, McGuire noted that "Au has already lost this issue" in a related lawsuit filed by Au and pending in the United States District Court for the District of Hawaii (**U.S. District Court**), Civ No. 1:14-cv-00271-SOM-BMK (**Federal Case**).  McGuire attached as an exhibit a December 9, 2014 Order Granting Defendant R. Laree McGuire's Motion for Summary Judgment (**Federal Order Granting McGuire SJ**) from the Federal Case.

and Hawaiiana negligently paid McGuire's unreasonable attorneys' fees without questioning them; and, Au's payments were applied to attorneys' fees before being applied to maintenance fees, improperly giving retroactive effect to a priority of payment policy adopted by AOAO Royal Iolani on June 8, 2015.  The exhibits included, *inter alia*:  the August 12, 2014 letter from McGuire, on behalf of AOAO Royal Iolani, to Au offering the payment plan agreement; a portion of the transcript of the deposition of Ralph N. Ahles (**Ahles**), an Account Executive at Hawaiiana, from the Federal Case (**Federal Ahles Deposition**), in which Ahles testified that payments were first applied to outstanding legal fees before being applied to other outstanding charges, fines, and maintenance fees; letters from McGuire to Au, dated December 13, 2013, and December 18, 2013, that provided Au's maintenance payment history since April 2011 and itemizations of "prior attorneys' fees" and "attorney's fees" assessed to Au, and referenced a Priority of Payments Policy in which payments received were applied to other fees, including legal fees, before being applied to outstanding maintenance fees; a document titled "Resolution to Adopt a Revised Priority of Payment Policy" executed by AOAO Royal Iolani on June 8, 2015; and invoices from McGuire's law firm, addressed to AOAO Royal Iolani, for legal services and costs incurred in connection with Au's Units 3906 and 3908.

On January 6, 2016, Au filed a memorandum in opposition to the MTD, requesting that the Circuit Court consider his MPSJ in determining whether the Complaint was sufficiently pleaded

under HRCP Rule 8(a)(2) or, alternatively, allow him leave to amend the Complaint if the court was inclined to grant the MTD. Au asked the court to incorporate by reference his MPSJ, and the exhibits attached thereto, and argued that the material facts stated in the Complaint were established by those submissions. With respect to his claims against McGuire, Au argued – with little distinction between his various claims – that his claims against her arose out of McGuire's overcharging, double-billing, and receipt of attorneys' fees at the expense of his payments going first to his monthly maintenance account.  He argued, *inter alia*, that McGuire had various duties to the AOAO Board, and was designated to deal with him, as an AOAO member, and that the policy authorizing payment of legal fees ahead of other charges was adopted effective May 1, 2015, contrary to McGuire's representation that it had been in effect since 2009.  With respect to AOAO Royal Iolani and Hawaiiana, Au argued that they provided no factual or legal arguments that would entitle them to relief through joinder to McGuire's motion.  Finally, Au requested that, if the court found the Complaint to be in any way infirm, he be granted leave to amend it.

On January 7, 2016, McGuire filed a memorandum in opposition to Au's MPSJ, arguing, *inter alia*, that Au's motion should be denied for the same reasons hers should be granted. McGuire argued that Au's factual assertions regarding the application of his payments were incorrect, submitting a declaration of counsel and pointing to Au's exhibits.  McGuire attached as an exhibit a portion of her deposition from the

Federal Case (**Federal McGuire Deposition**) [JROA doc 7 at 230-44], wherein McGuire stated that any payment received by AOAO Royal Iolani from Au during the time in question was first applied to any fines owed, then to late fees, then to maintenance fees, and then to attorneys' fees, pursuant to AOAO Royal Iolani's bylaws and the 2003 house rules, which were in effect at the time.

On the same day, AOAO Royal Iolani and Hawaiiana also filed a memorandum in opposition to Au's MPSJ.  AOAO Royal Iolani and Hawaiiana argued that many of Au's assertions were erroneous and unsupported by the evidence.  AOAO Royal Iolani and Hawaiiana also maintained that Au's Complaint was "a rehashing of the Complaint that he previously filed" in the Federal Case, which was pending a settlement, which involved the parties' arbitrating the amounts due, and "awaiting" dismissal.  AOAO Royal Iolani and Hawaiiana attached two declarations and various exhibits to their memorandum, including:  a declaration of Ahles, stating that payments made by owners prior to May 2015 were allocated first to fines, then to late fees, then to maintenance fees, then to attorneys' fees, and that any prior testimony he gave stating otherwise was a mistake on his part; a January 4, 2016 "Findings and Recommendation to Dismiss Case Pursuant to the Parties' Settlement Agreement" (**Federal F&R to Dismiss**), issued by a magistrate in the Federal Case; a portion of the transcript of the Federal McGuire Deposition; the April 25, 2014 Complaint filed by Au in the Federal Case (**Federal Complaint**); and the "Resolution to Adopt a Revised Priority of Payment Policy" executed by AOAO Royal Iolani on June 8, 2015.

On January 11, 2016, Au filed a reply in support of the MPSJ, to which he attached as exhibits the following documents from the Federal Case:  a portion of the transcript of the Federal Ahles Deposition reflecting that counsel for both parties encouraged Ahles to subsequently review his deposition testimony for any mistakes; a portion of the Federal McGuire Deposition reflecting her testimony that the statement in a letter she sent to Au that provided that "any payments, including maintenance fee payments received by the association, will be applied first to legal fees and late fees, and the remainder would then be applied to maintenance fees due and owing," was an error; a motion to compel arbitration filed by Au on September 23, 2015; and a portion of the document list from the proceedings.

On January 12, 2016, McGuire filed a reply in support of the MTD, reasserting her arguments in the MTD and contending that leave to amend the Complaint would be futile.

On the same day, AOAO Royal Iolani and Hawaiiana also filed a reply in support of their joinder to the MTD, adding substantive arguments to what had been a bare assertion that they were entitled to the same relief as McGuire.  In support of an argument that they did not apply Au's payments in the order he asserts, and that Au himself had evidence showing such, AOAO Royal Iolani and Hawaiiana submitted an Owner History Report for Unit 3906, for the time period between September 2009 and April 2015, accompanied by a declaration of Roy Mendaro (**Mendaro**), the senior accountant for Hawaiiana, attesting to the manner in which Au's payments were applied and attesting that the attached Owner

10

History Report was generated based on payment information maintained by Hawaiiana in the ordinary course of business.  AOAO Royal Iolani and Hawaiiana also submitted a declaration of Phillip A. Li, counsel for AOAO Royal Iolani and Hawaiiana, filed in the Federal Case on April 3, 2015, along with corresponding exhibits.  They also submitted an Owner History Report for Unit 3906 for the time period between September 2009 and May 2014, submitted by Au himself in a filing in the Federal Case on August 4, 2014.

On January 15, 2016, Au filed a supplemental memorandum in support of the MPSJ and in opposition to the MTD, setting forth his purported accounting of the payments made on his account for Unit 3906 through May 2015.  Au asserted that he had paid a total of $22,443.52, while the payment plan required total payment of $24,850.41, but that the amount he paid satisfied the payment plan because the balance between the amount he paid and the total amount required under the payment plan should be disallowed as based on improper prior attorneys' fees.

On the same day, the Circuit Court held a hearing on the MTD and the MPSJ.  The Circuit Court treated the MTD as a motion for summary judgment and granted the motion in favor of McGuire, AOAO Royal Iolani, and Hawaiiana.  The Circuit Court denied Au's MPSJ.

On February 10, 2016, Au filed a motion for reconsideration of the Order Granting MTD & Denying MPSJ **(Motion**

**for Reconsideration of Order Granting MTD & Denying MPSJ**),[6] citing HRCP Rule 59(e).  McGuire, AOAO Royal Iolani, and Hawaiiana opposed the motion.

On February 16, 2016, the Circuit Court entered its Order Granting MTD & Denying MPSJ, holding as follows:

> 1.  At the request of Plaintiff, Defendant McGuire's Motion to Dismiss was treated as a Motion for Summary Judgment and the Court heard oral argument on both the Motion to Dismiss and the Motion for Partial Summary Judgment and had before it the motions and documents submitted by Plaintiff and the Defendants.
>
> 2.  Plaintiff's Motion for Partial Summary Judgment is denied in its entirety as to all Defendants as this Court finds that Plaintiff has failed to meet the standard for granting summary judgment under Rule 56 of the Hawaii Rules of Civil Procedure.
>
> 3.  Defendant McGuire's Motion to Dismiss and Joinder by Defendants [AOAO Royal Iolani] and [Hawaiiana] is treated as a Motion for Summary Judgment at the request of Plaintiff and the Court finds that Defendants have established that there exists no genuine issue of material fact upon which Plaintiff's Complaint can be sustained and accordingly the Court grants summary judgment in favor of Defendants McGuire, [AOAO Royal Iolani] and [Hawaiiana] as to all claims set forth in the Complaint.

On February 24, 2016, Au filed a motion to stay or cancel the public auction pending appeal (**Motion to Stay**). McGuire, AOAO Royal Iolani, and Hawaiiana opposed the Motion to Stay.

On May 19, 2016, the Circuit Court entered its Order Denying Motion to Stay and its Order Denying Reconsideration of Order Granting MTD & Denying MPSJ.

On May 23, 2016, the Circuit Court entered Judgment in favor of McGuire, AOAO Royal Iolani, and Hawaiiana.

On June 14, 2016, Au filed a motion to vacate and set aside the Order Granting MTD & Denying MPSJ and the Judgment

---

[6]    The Circuit Court had not yet entered its written Order Granting MTD & Denying MPSJ at the time Au filed his Motion for Reconsideration of Order Granting MTD & Denying MPSJ.

(**Motion to Vacate**) pursuant to HRCP Rule 60(b).  Au asserted that he discovered that Ocwen Loan Servicing, LLC (**Ocwen**), the loan servicer for Au's mortgagee, Wells Fargo Bank N.A. (**Wells Fargo**), in connection with both Units 3906 and 3908, had made a payment on March 18, 2014, to AOAO Royal Iolani in the amount of $11,888.60 (**Ocwen Payment**) in order to prevent foreclosure on Unit 3906.  However, AOAO Royal Iolani applied the payment to Au's outstanding balance on Unit 3908.  Au argued that AOAO Royal Iolani, Hawaiiana, and McGuire knew or should have known that the check was meant to be applied to Unit 3906. Au further asserted that the delinquency that was the subject of the 2014 NDIF was fully satisfied by both Au's payments and the Ocwen Payment.  Au attached a copy of the cancelled check as an exhibit to the Motion to Vacate.  The check reflects the amount of $11,888.60 payable to AOAO Royal Iolani but does not contain any notation as to what unit the payment should be applied.  Au asserted that he had not previously known about the Ocwen Payment and that the check was therefore newly discovered evidence warranting relief from the judgment entered against him pursuant to HRCP Rule 60(b).  Au also argued that McGuire, AOAO Royal Iolani, and Hawaiiana fraudulently concealed the Ocwen Payment and induced him into entering the payment plan agreement.  McGuire, AOAO Royal Iolani, and Hawaiiana opposed the Motion to Vacate.

On June 15, 2016, Au filed a notice of appeal from the Judgment and its underlying orders in CAAP-16-0000464.

On July 6, 2016, the Circuit Court held a hearing on the Motion to Vacate.  The Circuit Court orally denied the Motion to Vacate.

On July 27, 2016, Au filed a motion for reconsideration of the Order Denying Motion to Vacate (**Motion for Reconsideration of Order Denying Motion to Vacate**),[7] purportedly pursuant to HRCP Rule 59(e).  In his motion, Au argued that the Circuit Court "inadvertently overlook[ed] or disregard[ed] the fraud, misrepresentation or other misconduct of the Defendants" and essentially reasserted the same arguments made in his Motion to Vacate.  AOAO Royal Iolani and Hawaiiana filed an opposition to the motion, to which McGuire filed a joinder.

On September 23, 2016, the Circuit Court entered the Order Denying Motion to Vacate and the Order Denying Reconsideration of Order Denying Motion to Vacate.

On October 5, 2016, Au filed a notice of appeal in CAAP-16-0000654 from the Order Denying Motion to Vacate and the Order Denying Reconsideration of Order Denying Motion to Vacate. On November 3, 2016, CAAP-16-0000464 and CAAP-16-0000654 were consolidated under CAAP-16-0000464 by order of this court.[8]

II.  <u>POINTS OF ERROR</u>

Au raises five points of error on appeal, contending that the Circuit Court erred in:  (1) converting McGuire's MTD to

---

[7]     The Circuit Court had not yet entered its written Order Denying Motion to Vacate at the time Au filed his Motion for Reconsideration of Order Denying Motion to Vacate.

[8]     On August 27, 2019, McGuire filed herein a Motion for Leave to File a Supplemental Brief Addressing Land Court Order.  On August 31, 2019, Au filed a Motion to Dismiss.  On February 25, 2020, Au filed a Motion to Withdraw Appeal and to Remand to the First Circuit Court on Liability and Damages Pursuant to the Order of the Land Court of the First Circuit State of Hawaii on April 5, 2019.

a MSJ and dismissing the Complaint; (2) denying Au's motion to stay the non-judicial foreclosure sale of March 24, 2016; (3) entering the Order Denying Motion to Vacate; (4) granting McGuire's MTD as a motion for summary judgment, along with AOAO Royal Iolani's joinder thereto; and (5) denying relief from its prior orders after the discovery of the Ocwen Payment.

III. <u>APPLICABLE STANDARD OF REVIEW</u>

The appellate court reviews "the circuit court's grant or denial of summary judgment *de novo*." <u>Querubin v. Thronas</u>, 107 Hawaiʻi 48, 56, 109 P.3d 689, 697 (2005) (citations omitted).

The Hawaiʻi Supreme Court has often articulated that

> summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

<u>Id.</u>

IV. <u>DISCUSSION</u>

A. <u>Point of Error with No Discernible Argument</u>

As a preliminary matter, we note that Au failed to provide any discernible argument in support of his point of error regarding the Order Denying Motion to Stay. We therefore decline to address any alleged error regarding this order. <u>Kakinami v. Kakinami</u>, 127 Hawaiʻi 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (citing <u>In re Guardianship of Carlsmith</u>, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007) (noting that this court may

"disregard a particular contention if the appellant makes no discernible argument in support of that position")).

B.    McGuire's MTD

Au challenges the Circuit Court's decision to treat McGuire's MTD as a motion for summary judgment.

Generally, an HRCP Rule "12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted shall be treated as a Rule 56, HRCP, motion for summary judgment when 'matters outside the pleading' are presented to and not excluded by the court in making its decision on the motion." Rosa v. CWJ Contractors, Ltd., 4 Haw. App. 210, 214, 664 P.2d 745, 749 (1983).

McGuire's MTD sought dismissal for failure to state a claim pursuant to HRCP Rule 12(b)(6).  Au then filed an MPSJ pursuant to HRCP Rule 56, attaching as exhibits letters, invoices, and other documents that were not in the pleadings.  In his memorandum in opposition to the MTD, Au referenced arguments and exhibits contained in his MPSJ, and incorporated them by reference.  McGuire, AOAO Royal Iolani, and Hawaiiana then requested that the MTD be treated as a motion for summary judgment because Au, by referencing the documents attached to his MPSJ, had incorporated material outside the pleadings in his opposition.

At the hearing on the MTD, it appears the Circuit Court considered the evidence submitted for both the MTD and the MPSJ together in addressing both motions.  The Circuit Court did not expressly state that it was excluding matters outside the

pleadings in making its decision on the MTD.  See HRCP Rule 12(b).  Au did not object to the court's consideration of matters outside the pleadings or to the consideration of the MTD as a motion for summary judgment.  Under such circumstances, the Circuit Court did not err in treating the MTD as a summary judgment motion.  Nevertheless, in the MTD, McGuire primarily argued that the claims against her should be dismissed because she was not a party to the dispute, but rather acting as the attorney for one of the parties, which is a fact not in dispute.

The appellate court reviews a trial court's grant or denial of summary judgment *de novo*.  Anastasi v. Fid. Nat'l Title Ins. Co., 137 Hawai'i 104, 112, 366 P.3d 160, 168 (2016).

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawai'i 46, 55-56, 292 P.3d 1276, 1285-86 (2013) (brackets omitted) (quoting First Ins. Co. of Hawai'i v. A & B Props., Inc., 126 Hawai'i 406, 413-14, 271 P.3d 1165, 1172-73 (2012)).  On a motion for summary judgment where the non-movant bears the burden of proof at trial, the movant has the initial burden of either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the non-movant will be unable to carry its burden of proof at trial.  Id. at 60, 292 P.3d at 1290.  Only upon the movant's satisfaction of its initial burden of production does the burden shift to the

non-movant to respond to the motion for summary judgment and demonstrate specific facts that present a genuine issue for trial.  <u>French v. Hawaii Pizza Hut, Inc.</u>, 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004).

The issue before us, more specifically, is a defendant's HRCP Rule 12(b)(6) motion to dismiss that has been converted into a motion for summary judgment because the plaintiff's memorandum in response incorporated by reference his own motion for partial summary judgment and exhibits attached thereto, which were outside the pleadings and not excluded by the trial court.  This court recently held that when a defendant files an HRCP Rule 12(b)(6) motion to dismiss, and the plaintiff converts the motion into one for summary judgment by introducing matters outside the pleadings that are not excluded by the trial court,

> the moving defendant could argue that (a) the plaintiff's evidence is inadmissible, (b) even if the plaintiff's evidence were admissible, the facts established are not material and the defendant is still entitled to judgment as a matter of law, and/or (c) even if the plaintiff's evidence were admissible and material, the facts are controverted (by a declaration or other evidence submitted with the defendant's reply memorandum).  Pursuing option (c) would, of course, result in a denial of the defendant's own motion on the grounds that there were genuine issues of material fact.

<u>Andrade v. Cty. of Hawaiʻi</u>, 145 Hawaiʻi 265, 270, 451 P.3d 1, 6 (App. 2019).

Here, we address in turn each count of the Complaint, as alleged against McGuire, and the Circuit Court's conclusion in the Order Granting MTD and Denying MPSJ that there is no genuine issue of material fact, and McGuire is entitled to judgment as a matter of law on all counts.

1.    Count I (Declaratory Relief)

In Count I, Au seeks declaratory and/or other relief with respect to the August 2014 Payment Plan and the 2015 NDIF, which Au submits is void and unenforceable.  However, it is undisputed that McGuire was acting as the AOAO's attorney in transmitting the payment plan for AOAO Royal Iolani and is not a party to that agreement.  Likewise, the 2015 NDIF was signed by McGuire on behalf of her law firm, as attorney-in-fact for AOAO Royal Iolani, and it gave notice with respect to obligations owed to the AOAO, not McGuire.  We conclude that no relief can be granted against McGuire on Count I and the Circuit Court did not err in granting summary judgment on this claim.

2.    Count II (Specific Performance)

In Count II, Au seeks specific performance of the payment plan he purportedly submitted to McGuire and AOAO Royal Iolani on or about August 7, 2015, after he received the 2015 NDIF, and "dismissal" of or other relief with respect to the 2015 NDIF.  As noted with respect to Count I, the 2015 NDIF was signed by McGuire acting for AOAO Royal Iolani, and gave notice with respect to obligations owed to the AOAO, not McGuire.  Likewise, Au's plan proposed payment to the AOAO, not McGuire.  We conclude that no relief can be granted against McGuire on Count II, and the Circuit Court did not err in granting summary judgment on this claim.

3.    Count III (Injunctive Relief)

In Count III, Au seeks an injunction or restraining order to enjoin any foreclosure, judicial or non-judicial,

19

pending the court's determination on the Complaint. We again conclude that no relief can be granted against McGuire on Count III, as any such action by McGuire would be on behalf of AOAO Iolani Royal, and the Circuit Court did not err in granting summary judgment on this claim.

    4.   <u>Count IV (Fraud and Concealment)</u>

In Count IV, as to McGuire, Au alleges fraud and concealment principally based on the following: (1) McGuire received attorneys' fees in excess of the limitation on the recovery of attorney's fees imposed by HRS § 607-14 (2016); (2) McGuire improperly received payment for "prior" attorneys' fees; (3) McGuire applied Au's payments to outstanding attorneys' fees before his other outstanding fees, in the absence of a policy that authorized such priority of payment; (4) McGuire sent Au correspondence indicating that Au's payments were being applied pursuant to a Priority of Payment Policy that had not in fact been adopted by AOAO Royal Iolani; (5) in responding to Au's proposed payment plan, McGuire intentionally sent mail to an address at which Au does not receive mail; (6) McGuire declined Au's reasonable proposed payment plan; and (7) McGuire filed the 2015 NDIF even though the amounts claimed to be due under the 2015 NDIF were invalid. In the MTD, McGuire argued that it was irrelevant how AOAO Royal Iolani allocated Au's payments within his delinquent account because he never reimbursed the AOAO for McGuire's fees.

It has been recognized that an attorney can be held liable to an adverse party for fraud. <u>See</u>, <u>e.g.</u>, <u>Buscher v.</u>

Boning, 114 Hawaiʻi 202, 220 n.13, 159 P.3d 814, 832 n.13 (2007) (citing Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawaiʻi 251, 268-69, 151 P.3d 732, 749-50 (2012); Matsuura v. E.I. duPont de Nemours & Co., 102 Hawaiʻi 149, 162, 73 P.3d 687, 700 (2003); and Giuliani v. Chuck, 1 Haw. App. 379, 383-84, 620 P.2d 733, 736-37 (1980)).  "A claim for fraud involves 'a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment.'"  Seki ex rel. Louie v. Haw. Gov't Emps. Ass'n, AFSCME Local No. 152, 133 Hawaiʻi 385, 407 n.33, 328 P.3d 394, 416 n.33 (2014) (quoting Fisher v. Grove Farm Co., 123 Hawaiʻi 82, 116, 230 P.3d 382, 416 (2009)).  The elements of fraud are:  "(1) false representations were made by defendants, (2) with knowledge of their falsity (or without knowledge of their truth or falsity), (3) in contemplation of plaintiff's reliance upon these false representations, and (4) plaintiff did rely upon them."  Shoppe v. Gucci America, Inc., 94 Hawaiʻi 368, 386, 14 P.3d 1049, 1067 (2000) (quoting TSA Int'l Ltd. v. Shimizu Corp., 92 Hawaiʻi 243, 251, 990 P.2d 713, 725 (1999)).  "To be actionable, the alleged false representation must relate to a past or existing material fact. . . .  Where misrepresentations are made to form the basis of relief, they must be shown to have been made with respect to a material fact which was actually false[.]"  Id. (quoting TSA Intern. Ltd., 92 Hawaiʻi at 255-56, 990 P.2d at 725-26) (emphasis deleted).

        We recognize that McGuire's attorneys' fees charged to AOAO Royal Iolani were allegedly incurred in relation to Au's

alleged default and the non-judicial foreclosure of Unit 3906.

AOAO Royal Iolani is entitled to recover from Au the reasonable

attorneys' fees it paid to McGuire, pursuant to HRS § 514B-157(a)

(2018).[9]  McGuire's billing and collection of reasonable

attorneys' fees from AOAO Royal Iolani cannot be a basis for Au

to raise a fraud claim against McGuire.  Moreover, to the extent

that Au asserts on appeal that McGuire received an improper

amount of attorney's fees, in the Complaint, he does not assert

any misrepresentation or concealment of a material fact by

McGuire in this regard in support of his fraud claim against her.

Au's allegations that McGuire knowingly made false

statements in her communications with Au, upon which he relied on

to his detriment, however, are permissible bases for a fraud

claim.  Specifically, Au asserted that McGuire falsely stated

that Au's payments were applied in accordance with a priority of

payment policy which had not yet been adopted by AOAO Royal

Iolani.  Au also asserted that McGuire falsely stated that Au had

not fully paid the amount due under the payment plan agreement.

McGuire has not attempted to rebut Au's assertions, but rather

focuses her response on arguing that Au's alleged default trumps

---

[9]     HRS § 514B-157(a) provides, in relevant part:

>     (a) All costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of the association for:
>
>     (1)     Collecting any delinquent assessments against any owner's unit;
>
>     (2)     Foreclosing any lien thereon; or
>
>     (3)     Enforcing any provision of the declaration, bylaws, house rules, and this chapter, or the rules of the real estate commission;
>
>     against an owner, occupant, tenant, employee of an owner, or any other person who may in any manner use the property, shall be promptly paid on demand to the association by such person or persons[.]

any misrepresentation claim he may bring.  We conclude that genuine issues of material fact remain and the Circuit Court erred in granting summary judgment in favor of McGuire on Au's fraud and concealment claim in Count IV.

     5.   Count V (Negligence)

     With respect to McGuire, in Count V, Au alleges that, as the attorney for AOAO Royal Iolani, McGuire "has a fiduciary responsibility in the performance of legal duties and responsibilities."  Au further alleges that McGuire knew that Hawaiiana had been paying her attorneys' fees on Au's common maintenance account for "several years" prior to adoption of a Priority of Payment Policy allowing those fees to be paid in advance of common maintenance, which resulted in Au's common maintenance payments becoming delinquent.  Au alleges that this conduct constitutes negligence and that, as a result, he sustained damages in the form of, *inter alia*, late charges and interest.

     As noted above, McGuire primarily argued in the MTD that, as AOAO Royal Iolani's attorney, she owed no duty to Au with respect to the application of payments, and therefore, Au's negligence claim against her fails as a matter of law.

     The supreme court has held that, generally, "absent special circumstances, attorneys owe no duty of care to non-clients."  Hungate v. Law Office of David B. Rosen, 139 Hawaiʻi 394, 405, 391 P.3d 1, 12 (2017) (citing Buscher, 114 Hawaiʻi at 220, 159 P.3d at 832).  To impose a duty upon an attorney in favor of an adversary of the attorney's client would

pose an "unacceptable conflict of interest."  Id. (quoting Buscher, 114 Hawaiʻi at 220, 159 P.3d at 832).  However, an attorney may be held liable to a non-client for wrongful conduct that exceeds the scope of legitimate representation.  Special cases in which the supreme court has recognized an actionable duty owed by an attorney to a non-client include those involving fraudulent conduct, Buscher, 114 Hawaiʻi at 220 n.13, 159 P.3d at 832 n.13 (citing Kahala Royal Corp., 113 Hawaiʻi at 268-69, 151 P.3d at 749-50; Matsuura, 102 Hawaiʻi at 162, 73 P.3d at 700; and Giuliani, 1 Haw. App. at 383-84, 620 P.2d at 736-37), or those involving non-client beneficiaries in the estate planning context, Blair v. Ing, 95 Hawaiʻi 247, 260-63, 21 P.3d 452, 465-68 (2001).

Here, as discussed above, we conclude that certain aspects of Au's fraud claim survive summary judgment.  However, Au has not identified any other special circumstances, or any other legal authority, imposing a duty upon McGuire based upon the facts alleged in the Complaint, and we find none.  Accordingly, we conclude that the Circuit Court did not err in granting summary judgment in favor of McGuire on the negligence claim in Count V.

### 6.   Count VI (Slander of Title)

In Count VI, Au alleges that the recordation of the 2015 NDIF in the Bureau of Conveyances constitutes a slander of his title as owner of Unit 3906.  McGuire argued in the MTD that she filed the 2015 NDIF as the attorney for AOAO Royal Iolani, that pursuant to this court's decision in Isobe v. Sakatani, 127

24

Hawaiʻi 368, 383, 279 P.3d 33, 48 (App. 2012), she has an absolute privilege, and therefore, Au's slander of title claim should be dismissed as against her.  McGuire made no other argument in the MTD with respect to Count VI and makes no other argument and cites no other authority on appeal.

"To avail himself [or herself] of the absolute privilege, an attorney has the burden of proving the following essential elements:  (1) that the defamatory statements were made in the course of a **judicial proceeding**, and (2) that the statements were related, material, and pertinent to that proceeding."  McCarthy v. Yempuku, 5 Haw. App. 45, 48-49, 678 P.2d 11, 14 (1984) (emphasis added).  In Isobe, 127 Hawaiʻi at 383, 279 P.3d at 48, we held that an attorney's filing of Notices of Pendency of Action (**NOPAs**) in conjunction with a judicial foreclosure action satisfied the McCarthy requirements and that the absolute litigation privilege therefore applied to bar a slander of title claim against the attorney.  Here, Au alleged that McGuire committed slander of title by filing the 2015 NDIF in conjuction with the non-judicial foreclosure proceedings against Au.  Non-judicial foreclosures, by their very nature, are not judicial proceedings.  Our decision in Isobe recognized an absolute litigation privilege only with respect to the filing of a NOPA related to judicial foreclosure proceedings.  As McGuire cited no other authority and made no other argument supporting the dismissal of Count VI as a matter of law, we conclude that

the Circuit Court erred in granting summary judgment on this claim.[10]

### 7.    Count VII (Constitutional Claims)

In Count VII, Au challenges the constitutionality of the statutes requiring an apartment owner to pay in full all assessed amounts in order to contest the amounts assessed against him or her.  McGuire, in her individual capacity, has no interest related to the amounts assessed by AOAO Royal Iolani, which underlie Au's constitutional claim and Au has not otherwise alleged any facts to establish that McGuire was a proper party to this claim.  We therefore conclude that no relief can be granted against McGuire on Count VII and the Circuit Court did not err in granting summary judgment in favor of McGuire on this claim.

### 8.    Count VIII (Unfair and deceptive acts or practices (**UDAP**))

In Count VIII, Au asserts that he is entitled to relief against McGuire pursuant to HRS Section [sic] 480 and 480D.  It appears that Au's reference to HRS Section 480 is intended to assert a claim under HRS § 480-2, Hawaii's UDAP statute.  In the MTD, McGuire argued that neither HRS § 480-2 nor HRS § 480D *et seq.* provides for a cause of action against her in this case.

In Hungate, a case arising out of a non-judicial foreclosure, the supreme court declined to recognize a mortgagor's UDAP claim under HRS § 480-2 against the mortgagee's attorney, explaining, *inter alia*, that "in foreclosure actions an

---

[10]    We do not decide whether McGuire might be entitled to judgment as a matter of law on Count VI based on other arguments or grounds not raised or addressed by either party, in the Circuit Court proceedings or on appeal.

attorney's justifiable concern with being sued by the opposing party for UDAP could compromise the attorney's ability to zealously represent his or her client."  139 Hawaiʻi at 413, 391 P.3d at 20.  Au makes no argument distinguishing Hungate and we conclude that it is applicable to Au's HRS Chapter 480 claim against McGuire in this case.  Accordingly, the Circuit Court did not err in dismissing Au's claim for relief on this ground.

HRS Chapter 480D covers "collection activities by debt collectors in collecting consumer debts."  HRS § 480D-1 (2008); see HRS § 480D-3 (2008) (listing practices prohibited for debt collectors to engage in while collecting a consumer debt).  McGuire asserts that she was not a "debt collector" within the meaning of HRS chapter 480D and that the chapter's provisions therefore do not apply to her.  See HRS § 480D-1 ("This chapter is intended to cover collection activities by debt collectors in collecting consumer debts.").  HRS § 480D-2 (2008) defines a "debt collector" as "any person who is not a collection agency regulated pursuant to chapter 443B, and who in the regular course of business collects or attempts to collect consumer debts owed or due or asserted to be owed or due to the collector." (Emphasis added).  As the attorney for AOAO Royal Iolani, McGuire recorded the 2015 NDIF to collect a debt owed to AOAO Royal Iolani.  McGuire was not attempting to collect a debt owed, or asserted to be owed, to herself.  See HRS § 480D-2.  Au has not alleged or shown that Au owed a debt to McGuire.  Thus, no genuine issue of material fact exists and, assuming Count VIII could be construed as making a claim pursuant to HRS Chapter

27

480D, Au has failed to state a claim upon which relief can be granted against McGuire under HRS Chapter 480D.

For these reasons, we conclude that the Circuit Court did not err in granting summary judgment in favor of McGuire on Count VIII.

C.    AOAO Royal Iolani's and Hawaiiana's Joinder to McGuire's MTD

AOAO Royal Iolani and Hawaiiana joined in McGuire's MTD, stating:  "For the reasons that Defendant McGuire's Motion to Dismiss should be granted in favor of Defendant McGuire, the Motion to Dismiss should also be granted in favor of [AOAO Royal Iolani and Hawaiiana]."  However, McGuire sought dismissal of Au's claims as alleged against her.  The arguments set forth by McGuire in support of the MTD – principally that McGuire could not be held liable for conduct undertaken in her capacity as AOAO Royal Iolani's attorney – do not apply to AOAO Royal Iolani or Hawaiiana.  In the Joinder, AOAO Royal Iolani and Hawaiiana made no attempt to explain how McGuire's arguments were applicable to Au's claims against them.  Therefore, there was no basis for the Circuit Court to conclude that they were entitled to dismissal on the same grounds as McGuire.  In the absence of a separate motion to dismiss, with arguments pertaining specifically to AOAO Royal Iolani and Hawaiiana, summary dismissal of the claims against these parties solely based on a joinder to McGuire's arguments was improper.

On appeal, AOAO Royal Iolani and Hawaiiana submit that the U.S. District Court has since entered judgment in the Federal Case, dismissing the Federal Case pursuant to a settlement

agreement, with certain issues submitted to arbitration.  AOAO Royal Iolani and Hawaiiana ask this court to take judicial notice of the Federal Case but did not expressly raise any res judicata or collateral estoppel argument in the Circuit Court or on appeal.  We further note that it appears that the subject of the Federal Case was the 2014 NDIF while the subject of the instant matter is the 2015 NDIF.  It is unclear that AOAO Royal Iolani and Hawaiiana could rely on the proceedings in the Federal Case to support dismissal of the claims against them in this case.

Notwithstanding AOAO Royal Iolani and Hawaiiana's arguments regarding the Federal Case, we conclude that the Circuit Court erred in entering summary judgment in their favor based on the Joinder to McGuire's MTD and this case must be remanded to the Circuit Court for further proceedings.

D.    Au's MPSJ

Au's MPSJ requested summary judgment on all claims except for the constitutional claim.  Specifically, Au asserted: McGuire double-billed and overcharged AOAO Royal Iolani for attorneys' fees while AOAO Royal Iolani and Hawaiiana paid the fees without questioning their veracity; Au's payments were applied pursuant to a priority of payment policy that had not yet been adopted by AOAO Royal Iolani, resulting in Au being overcharged late fees, delinquent fees, and interest; McGuire's attorneys' fees are in the nature of assumpsit and therefore subject to a cap pursuant to HRS § 607-14; and Au has fully paid his obligation under the payment plan.  In one instance, Au characterized the evidence supporting one of his assertions as

"undisputed," but Au ultimately concluded the MPSJ by arguing that his allegations are supported by "succinct, clear and convincing evidence," which is not the appropriate standard for summary judgment.  See HRCP Rule 56(c) (summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.").

As for Au's contention regarding McGuire's attorneys' fees, Au submitted invoices from McGuire's law firm, addressed to AOAO Royal Iolani, for legal services and costs incurred in connection with Au's Units 3906 and 3908.  As Au points out, the invoices show line items that appear to be duplicates.  McGuire responded, however, that the charges were in fact separated between the two units that Au owned.  Thus, there is conflicting evidence, or the evidence is subject to more than one interpretation, and a genuine issue of material fact remains.

As for Au's assertion regarding the application of his payments according to a priority of payment policy, Au submitted evidence in the form of a portion of the transcript of the Federal Ahles Deposition.  Ahles had testified:

> When you make a payment, whether it's with a coupon or by personal check, on your delinquency or your delinquent account, we take that check and we deposit it, and we first pay off your legal fee then late charges.  And whatever balance is left, we pay the portion to your maintenance fee.

Au also submitted two letters from McGuire to Au, dated December 13, 2013, and December 18, 2013.  In both letters, McGuire stated that Au's payments were first applied to legal fees, fines, and late fees prior to maintenance fees, in accordance with a

priority of payment policy. In opposition to the MPSJ, AOAO

Royal Iolani and Hawaiiana submitted a declaration of Ahles dated

January 7, 2016, stating, *inter alia*:

> 4. The Royal Iolani Priority of Payment Policy in place before May, 2015, allocated payments made by owners in the following order:
>
> a. Fines
> b. Late fees
> c. Maintenance fees
> d. Attorneys' fees
>
> 5. Only after all other amounts were paid from an owner's payments, was any leftover balance applied to pay attorneys' fees accrued by that owner.
>
> . . . .
>
> 8. I have examined the House Rules that were in effect at the time of my deposition in Plaintiff's earlier case, and as stated therein, attorneys' fees are not paid before other amounts.
>
> 9. I have also confirmed with Hawaiiana Management's accounting department that attorneys' fees were not assessed from Plaintiff's payments prior to May, 2015 before all other payments were accounted for from any payments that Plaintiff made.
>
> . . . .
>
> 13. If I stated in my deposition that Royal Iolani's attorneys' fees were paid before maintenance fees, my statement was erroneous and resulted from the fact that a number of my other projects had priority of payment provisions that did allow attorneys' fees to be paid first.

The conflicting evidence, including evidence that McGuire made

certain representations in her letter to Au about the priority of

payments, gives rise to a genuine issue of material fact

precluding summary judgment.

As to Au's contention that McGuire's attorneys' fees

were in the nature of assumpsit and therefore subject to a cap

pursuant to HRS § 607-14, AOAO Royal Iolani and Hawaiiana

countered that AOAO Royal Iolani's claims for attorneys' fees

were not in the nature of assumpsit but were instead based on HRS

§ 514B-157(a) and therefore not subject to the cap imposed by HRS

§ 607-14.  Aside from a conclusory statement, Au did not set forth any evidence or argument demonstrating that there is no genuine dispute of material fact and that he is entitled to judgment on this claim as a matter of law.  We conclude that the Circuit Court did not err in concluding that Au is not entitled to summary judgment on this issue.

Au argued that he fully paid off his obligations under the payment plan agreement and that the 2015 NDIF therefore should not have been filed.  In so arguing, however, Au noted that he did not pay the "prior attorneys' fees" portion of the payment plan agreement because it was improper.  In response, AOAO Royal Iolani and Hawaiiana pointed to the proceedings of the Federal Case, in which the parties agreed to arbitrate the dispute over the amount owed to AOAO Royal Iolani under the payment plan agreement.  The factual dispute over the validity of the attorneys' fees appears to have been ongoing at the time of Au's motion, and therefore Au was not entitled to judgment in his favor as a matter of law on this issue.

Accordingly, because genuine issues of material fact remain, Au failed to meet his burden for summary judgment.  The Circuit Court did not abuse its discretion in denying Au's MPSJ.

E.   Au's Other Motions

Au contends that he was entitled to relief from, *inter alia*, the Order Granting MTD and Denying MPSJ based on his discovery of the Ocwen Payment.  However, upon review, this newly discovered evidence provides no new grounds for Au's claims against McGuire on Counts I, II, III, V, VII and VIII of the

Complaint, the claims against McGuire that we have concluded were properly dismissed on summary judgment.  On remand, Au is free to argue the relevance and weight of this evidence with respect to the claims that we have concluded were not subject to summary judgment.

IV.  CONCLUSION

Based on the foregoing, we vacate the Circuit Court's May 23, 2016 Judgment and remand this matter to the Circuit Court for further proceedings consistent with this Memorandum Opinion. All motions pending in this appeal are denied.

DATED: Honolulu, Hawai'i, January 22, 2021.

On the briefs:

Ronald G.S. Au,
Plaintiff-Appellant, *Pro Se*.

Phillip A. Li,
(Li & Tsukazaki),
for Defendant-Appellee
 THE ASSOCIATION OF APARTMENT
 OWNERS OF THE ROYAL IOLANI and
 HAWAIIANA MANAGEMENT COMPANY,
 LTD.

Calvin E. Young,
David J. Hoftiezer,
(Goodsill Anderson Quinn &
 Stifel),
for Defendant-Appellee
 R. LAREE McGUIRE.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge